We move to the final case this morning, still this morning, United States v. Dupriest. Mr. Hills. May it please the court. Counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office, Central District of Illinois. And I represent Defendant Appellant Montrell Dupriest. He raises a single issue on appeal, and that is this. The district court procedurally erred by not expressly considering the necessary 3553A factors when imposing sentence upon revocation of supervised release. This was not the first sentencing hearing the district court had on this matter. It previously had a revocation proceeding where it revoked Mr. Dupriest's supervised release. When will he be released on this sentence, the 12-month sentence? As things stand, I believe his release date is projected for September. September of 15th. Yes, I believe so. But we think he should be released earlier because the court signed a plea agreement that had in it a representation by the government that they honored then at the subsequent revocation hearing and then again at the most recent revocation hearing that we're appealing from. And that was a recommendation for fully concurrent time. So that had been expressly considered by the parties in this case. They considered it with respect to what an aggregate fair sentence and amount of imprisonment should be. And the district court has the authority, of course, to impose a sentence that's different from what the parties agree. But nevertheless, it was with that backdrop that the original sentence of 18 months was imposed, and that was six months longer than the statute allowed. And so the case came up and went back down, and the district court then imposed a 12-month sentence. The problem is there's still procedural error because the explanation for sentence isn't adequate because the relevant procedural requirements of 3553A necessitate consideration of the relevant factors. And in this case, the district court was really concerned about what had happened and frustrated about what had happened that led to the remand. But it did manage to consider some of the 3553A factors, but not all of them. And that's incomplete, and that demonstrates procedural error. Well, he's not required to go through a checklist of those factors. He's an experienced sentencing judge, and this guy is a recidivist, flat-out recidivist. Yes, and he'd been punished as a recidivist. He, of course, got the two additional criminal history points at the original sentencing for the relevant. Points or otherwise. You're looking at a guy who's just not going to take no. But he has to have a fair sentence and appropriate sentencing procedure. Are you claiming that it was unfair to give him both the two criminal history points and to independently sentence him for the carrying firearm? No. I can't make that argument under the law. You made an allusion to it in your brief, and I wondered where it was going. Yes. It was only to respond to the government's and the district court's concern about incremental punishment. It showed there has been some incremental punishment, by consideration of the two additional criminal history points that were assessed in that sentence. The district court made his sentence concurrent with whatever the man might get on revocation of parole. Did he not? He imposed a partially concurrent sentence, so six months consecutive. No, the sentencing court on the criminal proceedings. Yes. He said whatever you get on the revocation of parole, my sentence will run concurrently. That's correct. So no harm, no foul in any event, right? Not in that regard, no. It was only at the sentence for the revocation proceeding when my client, to his great surprise, did not get a fully concurrent sentence. And, of course, the district court has authority under Setzer to impose. Why would he be so surprised when it wasn't a binding obligation? The judge had that authority. True. He was, I assume, properly advised that the judge didn't have to go along with the agreement. Yes. He's a little naive if he's surprised. It's not his first trip to the rodeo. No, indeed. But in my experience, judges are highly persuaded by what a prosecutor thinks a fair sentence should be and what a probation officer might think a fair sentence should be, and Mr. Dupreist was no stranger to the criminal justice proceedings. They're not rubber stamps. Indeed. They tend to be kind of independent, in my experience. Yes. However, I think that they are also rational and tend to be persuaded by good, sound reasoning. And so a prosecutor in this case, with a recidivist who was before him, nevertheless agreed for a fully concurrent sentence. And that brings me at least to one final consideration with the 3553A factors, and that is unwarranted sentencing disparities. We should be cautious in a case where there's a plea agreement that has a provision for fully concurrent time when somebody doesn't get the benefit of that bargain, ultimately. And I would love this Court to vindicate the prosecutor who was excoriated for making what the district court called a ludicrous proposition of concurrent time and for no other reason than to remand and save the good name of the prosecutor. That actually is the language that's in the order, wouldn't it? It was twice referred to. In our order. Yes. I don't see an unwarranted sentencing disparity argument in your brief. Did I miss that? Only in this regard, Your Honor. I listed that the 3553A factors need to be considered, and they weren't fully considered, and so that falls in that general grouping. The district court only considered deterrence and the history and characteristics of the offense. That's an incomplete recitation of the statutory factors. And, of course, I jest about the prosecutor, but I did appreciate that he stood up and honored the obligation to make the recommendation for fully concurrent time. Thank you. Mr. Lipscomb. Thank you, Judge Mayer. It pleased the court. Mr. Hillis, thank you for your comments. Just real quickly on the sentencing disparity as a basis, there's nothing in the record about that. It wasn't argued, and I don't know how this court could review whether or not this sentence here was somehow in disparity with other sentences imposed around the country. The only question really here is whether or not the district court adequately explained its choice of sentence so that this court can determine whether or not the sentence of 12 months with six months concurrent, six months consecutive, was plainly unreasonable. And the standard here is important. It's highly deferential. We're not talking about original sentencing. We're talking about sentencing on supervised release revocation, which is a really flexible, somewhat informal process. And the question of whether or not the sentence is plainly unreasonable, here's one thing that should sort of stand out to make it clear that it's not plainly unreasonable. The defense attorney at the revocation hearing asked for a sentence of five months consecutive and seven months concurrent, understanding that that was a reasonable argument to make, a reasonable sentence to ask for in front of Judge Stadmiller. Judge Stadmiller gave him essentially one month more consecutive time, but the same sentence, the 12 months fully sentencing the case. Exactly. I'm confused by the sentence in the underlying criminal conviction for carrying weapons. He received 33 months. Didn't the judge say something about that, having to run concurrently with his violation of supervised release? He did, Judge. I've done a lot of cases in front of Judge Adelman and all the judges. There was a short period of time, I think, when Judge Adelman, following one of the Supreme Court cases, and I can't remember what it is as I stand here, believed that if he, in sentencing first, determined that a sentence should run concurrent to a yet-to-be-imposed sentence, particularly a state court sentence, that that would control, and at least would control at the Bureau of Prisons. To do it to try to control the decision of another district judge, I didn't encourage him to do that, and Judge Stadmiller didn't follow it, not surprisingly. And it's not really before this court on appeal, but it was an unusual gambit to take. It's generally not done, and I don't think actually Judge Adelman has done it since. So this man will serve the extra, what was it? Six months, ultimately, right? That's exactly right. So bottom line here, the question is whether or not this is just sort of a judge saying, okay, I'm going to give you six months or 12 months. Does he actually provide adequate reasons in the record so this court can make an informed judgment as to whether or not the sentence was plainly unreasonable or reasonable in this case? And clearly he did. The incremental punishment, the defendant's record, the defendant's recidivism, the history and characteristics of the defendant, those were all talked about, not at great length, but they were discussed by the judge. And his focus on incremental punishment for someone who's just not getting the message goes to both just punishment and deterrence, allows this court to say whether that's reasonable or not. I think in this case it's clearly reasonable. Thank you. Thank you. Anything further? How much time do we have? We have four minutes. I think I can do it in less. The district court is entitled to a great degree of deference. However, this court is also not a rubber stamp, as the phrase was used earlier. There have to be adequate explanations given for the sentence that's imposed. 3553AA is not a checklist, but nevertheless, it does provide a procedure for the examination of relevant criteria for imposing sentence. In this case, that wasn't done. And the reference that I made to the one factor, unwarranted sentence of disparity, there are others, we've explained those in the brief, but it's really easier to look at the things the district court did consider, separate those from all the things that it should have considered, and it's easy then to recognize that the district court did not consider all of the necessary 3553A factors. As such, there is procedural error. We ask this court to vacate and remand. Unless the court has other questions, I have nothing further. Thank you very much. Our thanks to both counsel. The case will be taken under advisement.